UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE BAZAN,<br><br>           Plaintiff,<br>      v.<br><br>U.S. BANCORP as Successor In Interest to DOWNEY SAVINGS AND LOAN ASSOCIATION and DOES 1 through 50, inclusive,<br><br>           Defendants | Case No.: 10-CV-03265-LHK<br><br>ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED |

Defendant U.S. Bank National Association, erroneously sued as U.S. Bancorp, removed this action from the Superior Court of Santa Clara County on July 26, 2010. Defendant subsequently moved to dismiss Plaintiff's Complaint, and a motion hearing was set before Magistrate Judge Trumbull for November 9, 2010. Before the hearing, Plaintiff filed a declination to proceed before the Magistrate Judge, and the case was reassigned to this Court. Defendant's motion to dismiss is now fully briefed and set for hearing on February 17, 2011. In reviewing the pleadings, however, the Court is concerned that it may lack subject matter jurisdiction over the removed action. Although no party has questioned the existence of subject matter jurisdiction, every federal court has an independent obligation to examine its own jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In the case of a removed action, if it appears at any

1    time before final judgment that the court lacks subject matter jurisdiction, the court must remand

2    the action to state court. 28 U.S.C. § 1447(c).

3          In its Notice of Removal, Defendant argues that this Court has federal question jurisdiction

4    over two of Plaintiff's claims and supplemental jurisdiction over the remaining three claims.

5    Although Plaintiff's Complaint consists solely of state law claims, Defendant argues that Plaintiff's

6    claims for breach of the covenant of good faith and fair dealing and for rescission under California

7    Civil Code § 1688 turn on violations of the federal Truth in Lending Act ("TILA") and are artfully

8    pled to disguise their federal character. Defendant thus argues that under the "well-pleaded

9    complaint" rule, these claims arise under federal law and establish federal question jurisdiction.

10         It is true that a district court must analyze whether jurisdiction would exist under a properly

11   pleaded complaint, and a plaintiff may not avoid federal jurisdiction "by casting in state law terms

12   a claim that can be made only under federal law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979,

13   982 (9th Cir. 1997). However, the Ninth Circuit has cautioned that courts should invoke the artful

14   pleading doctrine to recharacterize a state-law claim as a federal claim "only in limited

15   circumstances." *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir.

16   2003) (quoting *Sullivan v. First Affiliated Securities*, Inc., 813 F.2d 1368, 1373 (9th Cir. 1987)).

17   Generally, the artful pleading doctrine is applied in two types of cases: (1) cases in which "a

18   substantial, disputed question of federal law is a necessary element of . . . the well-pleaded state

19   claim," or where the right to relief depends upon resolution of a substantial, disputed federal

20   question; and (2) complete preemption cases. *Lippitt*, 340 F.3d at 1042-43.

21         Based on a review of the pleadings, it does not appear that Plaintiff's claims for breach of

22   the implied covenant and rescission involve a substantial, disputed question of federal law, either

23   as an essential element of the claims or as an issue upon which the right to relief depends. The

24   state-law claims alleged are grounded in contract law, and it does not seem that Plaintiff would be

25   required to prove a TILA violation in order to prevail on these claims. It does appear that the facts

26   alleged in these claims might also form the basis for a TILA claim, and Plaintiff's claim for breach

27   of the implied covenant also refers to misrepresentations allegedly made in the Truth in Lending

28   Disclosure Statement. However, the fact that a complaint references federal law, or that the same

2

facts would provide a basis for a federal claim, without more, does not convert a state law claim into a federal claim.  *See Easton*, 114 F.3d at 982; *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

Additionally, although federal preemption may be a defense to these claims, they do not appear to be subject to complete preemption.  Ordinarily, a case may not be removed to federal court on the basis of a federal preemption defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)).  The doctrine of "complete preemption" provides an exception to this rule.  Under the complete preemption doctrine, when "a federal statute wholly displaces the state-law cause of action through complete pre-emption," the claim, although pleaded in terms of state law, is in actuality based on federal law and is therefore removable to federal court.  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).  Complete preemption, however, is a narrow exception that applies only "when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2001); *see also Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003) ("Complete preemption, however, arises only in 'extraordinary' situations").  Based on a review of the relevant case law, it does not appear that either TILA or the Home Owner's Loan Act completely preempts the state laws at issue here.  *See, e.g.*, *See Magee v. Exxon Corp.,* 135 F.3d 599, 601-02 (8th Cir. 1998) (holding that TILA "lacks that extraordinary preemptive power necessary to convert a state-law complaint" into a federal claim); *Brittain v. Onewest Bank*, FSB, No. 09-2953, 2010 WL 889279 (N.D. Cal. Mar. 11, 2010) (finding that TILA does not completely preempt state claims); *Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1204-05 (C.D. Cal. 2008) (holding that field preemption regulation under HOLA does not completely preempt state law claims); *Caampued v. First Federal Bank of California*, No. C 10-0008, 2010 WL 963080, at *2 n.1 (N.D. Cal. Mar. 16, 2010) (finding that HOLA does not completely preempt state law claims).

Case No.: 10-CV-03265-LHK
ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED

1    Based on the foregoing analysis, the Court finds that it likely lacks federal question

2 jurisdiction over the removed action.  In addition, it appears, based on Plaintiff's complaint, that

3 there is no basis for diversity jurisdiction.  *See* Compl. ¶¶ 4-5 (indicating that Plaintiff and

4 Defendant are citizens of California).   Accordingly, the Court ORDERS Defendant to show cause

5 why this case should not be remanded for lack of subject matter jurisdiction.  Defendant shall file a

6 written response no later than February 3, 2011.  If Plaintiff wishes to respond to Defendant's

7 arguments or otherwise address the issue, he may also file a response no later than February 10,

8 2011.  If necessary, the Court will hold a hearing on the Order to Show Cause on February 17,

9 2011, in conjunction with the previously scheduled hearing on Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: January 19, 2011

_____
LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-03265-LHK
ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED