UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOSE BAZAN | ) | Case No.: 10-CV-03265-LHK |
| | ) | |
| Plaintiff, | ) | ORDER REMANDING CASE |
| v. | ) | |
| | ) | |
| U.S. BANCORP as Successor In Interest to DOWNEY SAVINGS AND LOAN ASSOCIATION and DOES 1 through 50, inclusive, | ) ) ) ) | |
| | ) | |
| Defendants | ) ) ) | |

Plaintiff Jose Bazan filed the instant action in the Santa Clara County Superior Court, alleging five state-law claims for relief. Defendant removed the action to federal court and subsequently moved to dismiss Plaintiff's Complaint. In reviewing the pleadings, the Court became concerned that it lacked subject matter jurisdiction over the removed action. The Court therefore ordered Defendant to show cause why the case should not be remanded. Defendant's motion is fully briefed, and both parties have responded to the Order to Show Cause. Pursuant to Civil Local Rule 7-1(b), the Court finds that these matters are appropriate for determination without oral argument and vacates the motion hearing and case management conference scheduled for February 17, 2011. Having considered the submissions of the parties and the relevant law, the Court finds that it lacks removal jurisdiction and remands the action to state court. The Court therefore does not reach the merits of Defendant's motion to dismiss.

1

Case No.: 10-CV-03265-LHK
ORDER REMANDING CASE

### I.  Background

This action arises out of a residential mortgage transaction in which Downey Savings and Loan Association, U.S. Bank's predecessor in interest, allegedly failed to make material disclosures and provided Plaintiff with a loan he could not actually afford. On or about August 16, 2006, Plaintiff Jose Bazan refinanced an existing mortgage with the assistance of Eduardo Huerta, a broker employed by United Trust Mortgage Company. Compl. ¶ 18. At the time, Plaintiff's loan balance was $315,000 and had an interest rate of 9.8 percent. *Id.* Plaintiff sought to refinance in order to lower his interest rate and obtain funds to pay off other creditors and to pay for a remodeling project. *Id.* Plaintiff provided his financial information to Defendant and was told that he would be able to refinance his loan. Compl. ¶¶ 18-19.

Plaintiff requested a 30-year fixed rate loan with an interest rate under 6 percent. Compl. ¶¶ 20, 22. When it came time to sign the loan documents, however, Plaintiff realized that the 6.375% interest rate on the refinance would be fixed only for five years. Compl. ¶ 22. Defendant allegedly told Plaintiff not to worry about the adjustable rate, as he would be able to refinance the loan after five years without a problem. *Id.* Plaintiff alleges that he was told this was the best loan Defendant could offer him, and he had no choice but to sign the loan documents. Compl. ¶ 23. Plaintiff also claims that Defendant failed to disclose that the loan included an interest-only payment and that escrow fees were not included in the loan. Compl. ¶¶ 24-25. At some point, Plaintiff became unable to afford his monthly payments. Compl. ¶ 26. Although he contacted Defendant multiple times to attempt to work out a loan that he could actually afford, Plaintiff claims that Defendant has been unwilling to provide assistance. *Id.*

On June 23, 2010, Plaintiff filed the instant action in the Santa Clara County Superior Court, alleging five state-law claims for relief: (1) violations of the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200; (2) fraudulent omission; (3) injunctive relief; (4) breach of the covenant of good faith and fair dealing; and (5) rescission pursuant to California Civil Code § 1688. Defendant removed the action to federal court on July 26, 2010, on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Notice of Removal at 2, ECF No. 1. Although Plaintiff's Complaint contains only state-law claims, Defendant argued that these claims were

1    artfully pled to disguise a federal cause of action.  The Notice of Removal states that the factual

2    allegations for each of Plaintiff's claims necessarily depend on a violation of the federal Truth in

3    Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.  Notice of Removal ¶¶ 3-4.  More specifically, the

4    Notice of Removal states that Plaintiff's claims for breach of the covenant of good faith and fair

5    dealing and for rescission under California Civil Code § 1688 turn on violations of the federal

6    Truth in Lending Act ("TILA") and are artfully pled to disguise their federal character.  Notice of

7    Removal ¶¶ 5-6.  Defendant thus argues that under the "well-pleaded complaint" rule, these claims

8    arise under federal law and establish federal question jurisdiction.

## II.     Legal Standard

As the Court noted in its prior Order to Show Cause, ECF No. 17, every federal court has an independent obligation to examine its own jurisdiction.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).  Because of the "strong presumption" against removal jurisdiction, the defendant bears the burden of establishing the facts to support jurisdiction.  *Gaus*, 980 F.2d at 566-67.

## III.    Discussion

### A. Federal Question Jurisdiction

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This rule makes the plaintiff the master of his complaint and permits him to avoid federal jurisdiction by relying exclusively on state law.  *Id.*  Ordinarily, therefore, federal question jurisdiction is determined from the face of the plaintiff's complaint.  *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

1		The artful pleading doctrine provides a narrow corollary to the well-pleaded complaint rule. Under this doctrine, a plaintiff may not avoid federal jurisdiction by "omitting from the complaint allegations of federal law that are essential to the establishment of his claim." *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). The artful pleading doctrine permits courts to "delve beyond the face of the state court complaint" and find federal question jurisdiction by recharacterizing a state-law claim as a federal claim. *Id.* The Ninth Circuit has cautioned, however, that courts should invoke the artful pleading doctrine "only in limited circumstances." *Id.* (quoting *Sullivan v. First Affiliated Securities*, Inc., 813 F.2d 1368, 1373 (9th Cir. 1987)). Accordingly, application of the artful pleading doctrine is generally limited to two types of cases: (1) those involving complete preemption; and (2) cases in which "a substantial, disputed question of federal law is a necessary element of . . . the well-pleaded state claim," or where the right to relief depends upon resolution of a substantial, disputed federal question. *Lippitt*, 340 F.3d at 1042-43. In this case, Defendant's Notice of Removal appears to rely on the existence of a substantial federal question to establish jurisdiction, while Defendant's response to the Order to Show Cause relies heavily on preemption. The Court will therefore address both possible bases for federal question jurisdiction in turn.

### 1. Complete Preemption

In its response to the Order to Show Cause, Defendant states that it addresses the perceived lack of federal question jurisdiction "with respect to preemption." Def.'s Response to OSC ("OSC Response") 1, ECF No. 18. Defendant argues that actions based on loan disclosures are properly brought in federal court and cites a number of cases finding state-law loan disclosure requirements preempted by federal law. OSC Response 2-3. As the Court previously explained, a case ordinarily may not be removed to federal court on the basis of a federal preemption defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983)). Accordingly, Defendant may only remove on the basis of federal preemption if it can show that the doctrine of "complete preemption" applies.

4

Case No.: 10-CV-03265-LHK
ORDER REMANDING CASE

Under the complete preemption doctrine, when "a federal statute wholly displaces the state-law cause of action through complete pre-emption," the claim, although pleaded in terms of state law, is in actuality based on federal law and is therefore removable to federal court. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). Complete preemption, however, arises only in "extraordinary" situations. *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 862 (9th Cir. 2003). It is a narrow exception that applies only "when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2001). Indeed, the Supreme Court has identified only three federal statutes that have the "unusually 'powerful' pre-emptive force" required to completely preempt state law for purposes of removal jurisdiction. *Beneficial Nat. Bank*, 539 U.S. at 6-7, 11.

Notably, Defendant does not address the requirements of the complete preemption doctrine or even identify a specific statutory provision that it believes completely preempts Plaintiff's claims. Presumably, however, Defendant relies either on TILA's limited preemption clause, 15 U.S.C. § 1610, or on preemption regulations promulgated by the Office of Thrift Supervision under the Home Owner's Loan Act ("HOLA"), 12 C.F.R. § 560.2.[1] The Ninth Circuit has not addressed whether TILA or HOLA completely preempts state law for the purposes of removal jurisdiction. However, this Court agrees with the weight of authority finding that neither of these laws possesses the "unusually 'powerful' pre-emptive force," *Beneficial Nat. Bank*, 539 U.S. at 6, required to invoke the complete preemption doctrine.

As for TILA, the Court agrees with the Eighth Circuit's determination that the statutory text lacks the preemptive force required to convert a state law claim into a federal cause of action. *Magee v. Exxon Corp.*, 135 F.3d 599, 602 (8th Cir. 1998). TILA expressly preserves state-law regulation that does not conflict with its provisions. *See* 15 U.S.C. § 1610(a)(1) ("Except as provided in subsection (e) of this section, this part and parts B and C of this subchapter do not

---

[1] As Defendant points out, Plaintiff's claims are based on actions taken by U.S. Bank's predecessor in interest, Downey Savings and Loan Association, which was subject to HOLA and Office of Thrift Supervision Regulations. *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008).

5

Case No.: 10-CV-03265-LHK
ORDER REMANDING CASE

1     annul, alter, or affect the laws of any State relating to the disclosure of information in connection

2     with credit transactions, except to the extent that those laws are inconsistent with the provisions of

3     this subchapter and then only to the extent of the inconsistency."). TILA thus cannot be said to

4     "wholly displace[] the state-law cause of action through complete pre-emption," *Beneficial Nat.*

5     *Bank*, 539 U.S. at 8, and Defendant cannot rely on TILA preemption as a ground for removal. *See*

6     *also Brittain v. Onewest Bank*, FSB, No. 09-2953, 2010 WL 889279 (N.D. Cal. Mar. 11, 2010)

7     (finding that TILA does not completely preempt state claims); *Ortega v. HomEq Servicing*, No. CV

8     09-02130, 2010 WL 383368, at *7 (C.D. Cal. Jan. 25, 2010) (same); *Bartolome v. Homefield*

9     *Financial Inc.*, No. CV 09-7258, 2009 WL 4907050, at *4 (C.D. Cal. Dec. 11, 2009) (same).

10          Because Office of Thrift Supervision ("OTS") regulations under HOLA contain an express

11    field preemption provision, *see* 12 C.F.R. § 560.2(a), HOLA arguably presents a closer question.

12    Nonetheless, "[t]he 'dispositive question' for complete preemption is not simply whether HOLA

13    preempts state law by occupying a field of regulation." *Barela v. Downey Savings & Loan Ass'n,*

14    *F.A.*, No. CV 09-3757, 2009 WL 2578889, at *3 (C.D. Cal. Aug. 18, 2009). Rather, complete

15    preemption turns on whether the federal statute provides the "exclusive cause of action" for the

16    claims asserted. *Beneficial Nat. Bank*, 539 U.S. at 9. District courts within the Ninth Circuit that

17    have considered this question have concluded that HOLA and its implementing regulation do not

18    have the effect of complete preemption. *See, e.g.*, *Sarzaba v. Aurora Loan Services*, No.

19    10cv1569, 2010 WL 3385062, at *3 (S.D. Cal. Aug. 26, 2010); *Pazos v. Wachovia Mortg.*, No. CV

20    10-2732, 2010 WL 3171082, at *3-4 (C.D. Cal. Aug. 10, 2010); *Caampued v. First Federal Bank*

21    *of California*, No. C 10-0008, 2010 WL 963080, at *2 n.1 (N.D. Cal. Mar. 16, 2010); *Bolden v. KB*

22    *Home*, 618 F. Supp. 2d 1196, 1205 (C.D. Cal. 2008). These courts have pointed out that the OTS

23    regulation includes an express savings clause that preserves broad categories of state laws from

24    preemption "to the extent that they only incidentally affect the lending operations of Federal

25    savings associations or are otherwise consistent" with the preemption regulation. 12 C.F.R.

26    § 560.2(c). Because the OTS regulation explicitly preserves certain state-law claims, these courts

27    have found that "HOLA does not have the 'unusually powerful preemptive force' that goes beyond

28    merely preempting state law claims to also permit removal." *Pazos*, 2010 WL 3171082, at *3; *see*

*also Bolden*, 618 F. Supp. 2d at 1205 ("the plain language of the regulation shows that Congress did not intend for the HOLA to completely preempt all state law lending regulation").

The Central District of California has identified two additional considerations that weigh against complete preemption. *See, e.g.*, *Pazos*, 2010 WL 3171082, at *4; *Barela*, 2009 WL 2578889, at *4. First, that court has noted that if there is any federal cause of action under which plaintiffs could bring HOLA-preempted disclosure claims, it is provided by TILA. *Pazos*, 2010 WL 3171082, at *4; *Barela*, 2009 WL 2578889, at *4. As discussed above, however, TILA itself does not provide an exclusive cause of action. While TILA does not limit the scope of HOLA preemption as a defense to state-law claims, the fact that TILA has limited preemptive effect weighs against a finding that HOLA requires all disclosure-related claims to be converted into federal TILA claims. *Pazos*, 2010 WL 3171082, at *4 & n.3. Second, as the Central District has noted, courts considering HOLA preemption of state-law claims typically do not recharacterize those claims as federal TILA claims, as Defendant urges this Court to do. *Id.* at 4. Rather, courts simply treat HOLA preemption as an ordinary federal preemption defense to a claim brought under state law. *See, e.g.*, *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008) (finding state claims preempted by HOLA without suggesting that such claims should be recharacterized as federal TILA claims); *Amaral v. Wachovia Mortg. Corp.*, 692 F. Supp. 2d 1226, 1236-38 (E.D. Cal. 2010) (same). The Court finds this reasoning to be persuasive and agrees that HOLA does not completely preempt state-law claims. Accordingly, neither HOLA nor TILA preemption can serve as a basis for removal.

### 2. Substantial Federal Question

In addition to state law claims subject to complete federal preemption, the artful pleading doctrine allows federal courts to retain jurisdiction over state law claims that implicate a substantial, disputed federal question. *Lippitt*, 340 F.3d at 1042. The scope of this exception is limited, however, for it is "long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Similarly, the "mere need to apply federal law in a state-law claim" does not "suffice to open the 'arising under' door" to federal

7

Case No.: 10-CV-03265-LHK
ORDER REMANDING CASE

jurisdiction. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005). Thus, as the Court noted in its prior order, the fact that a complaint references federal law, or that the same facts would provide a basis for a federal claim, without more, does not convert a state law claim into a federal claim. *See Easton*, 114 F.3d at 982 (finding no removal jurisdiction where complaint alleged violations of the federal Civil Rights Act and federal Constitution, but sought relief only under state law); *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) (finding no removal jurisdiction where complaint relied on federal law to establish a state-law claim for wrongful termination in violation of public policy and same facts could have supported a federal civil rights claim).

In this case, Plaintiff does not reference TILA or explicitly rely on TILA violations to establish a state cause of action. Nonetheless, Defendant argues that Plaintiff's claims for breach of the covenant of good faith and fair dealing and for rescission under California Civil Code § 1688 necessarily depend on violations of TILA and therefore arise under federal law.[2] Notice of Removal ¶¶ 5-6. The Court does not agree with this characterization of Plaintiff's claims.

First, Plaintiff's claim for breach of the covenant of good faith and fair dealing alleges that Defendant breached the covenant implied in all contracts by using its superior knowledge to intentionally conceal the fact that Plaintiff did not actually qualify for the loan and that the loan would cost Plaintiff significantly more than stated in the Truth in Lending Disclosure Statement. Compl. ¶¶ 57-61. While some of these allegations might also form the basis for a TILA claim, a state court considering this claim will not necessarily need to determine whether Defendant's conduct violated TILA. Rather, the state court will look to the terms of the contract itself to

---

[2] In the Notice of Removal, Defendant also states that allegations in the Introduction and Background Facts sections of Plaintiff's Complaint artfully plead TILA claims. Notice of Removal ¶¶ 3-4. Defendant then argues that because each of Plaintiff's causes of action relies on these allegations, each cause of action provides a basis for removal jurisdiction. *Id.* However, as noted above, "[t]hat the same facts could have been the basis for a [federal] claim does not make [Plaintiff's state-law] claim into a federal cause of action." *Rains*, 80 F.3d at 344. Thus, the mere presence of factual allegations that might form the basis for a TILA claim does not automatically convert every claim that relies on those factual allegations into a federal claim. Defendant makes no attempt to demonstrate that the actual claims pled in Plaintiff's first through third causes of action involve a substantial federal question. Accordingly, the Court will only consider whether Plaintiff's fourth claim for breach of the implied covenant and fifth claim for rescission implicate a substantial federal question.

8

Case No.: 10-CV-03265-LHK
ORDER REMANDING CASE

determine whether Defendant's conduct injured or frustrated Plaintiff's right to receive the benefits of the contract. *See, e.g.*, *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 371-73 826 P.2d 710 (1992) (describing the scope of the implied covenant); *Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th 1225, 1235-36, 83 Cal. Rptr. 3d 410 (Cal. Ct. App. 2008) (same). Defendant has not explained why such an inquiry, grounded in state-law principles of contract interpretation, necessarily "depends on resolution of a substantial, disputed federal question." *Lippitt*, 340 F.3d at 1042. Accordingly, the Court finds that Plaintiff's claim for breach of the implied covenant does not turn upon a substantial, disputed question of federal law and cannot serve as a basis for federal question jurisdiction. *See, e.g*, *Solano v. Midcountry Bank*, No. 10cv1297, 2010 WL 3385004, at *4 (S.D. Cal. Aug. 25 2010) (rejecting argument that similar implied covenant claim established federal question jurisdiction*); Briggs v. First Nat. Lending Services*, No. C 10-00267, 2010 WL 962955, at *3 (N.D. Cal. Mar. 16, 2010) (same).

Second, Plaintiff's rescission claim seeks to rescind the loan contract pursuant to California Civil Code § 1689(b)(1) on grounds that Plaintiff entered into the contract through fraud, undue influence, and mistake of fact. Compl. ¶¶ 67-70. Plaintiff alleges that Defendant engaged in fraud by suppressing the disclosure of material aspects of the loan and by telling Plaintiff he would have no problem refinancing the loan in five years. Compl. ¶ 68. Plaintiff also alleges that he signed the contract under the undue influence of Defendant, a large, sophisticated lending institution that took unfair advantage of Plaintiff's weakness and vulnerable state. Compl. ¶ 69. Again, while some of these allegations could support a TILA cause of action, Plaintiff's claim for rescission alleges more than mere non-disclosure and turns on state-law concepts of fraud, undue influence, and unilateral mistake. A state court evaluating this claim need not determine whether Defendant's non-disclosures violated TILA. Rather, it must ask whether Defendant's conduct amounted to fraud or undue influence under state law, or whether Plaintiff's consent was the result of a unilateral mistake, as defined by state contract law. *See, e.g.*, *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 278, 27 P.3d 702 (2001) (considering rescission claim based on unilateral mistake as defined by California contract law); Cal. Civ. Code §§ 1571-77 (defining fraud, undue influence, and mistake for purposes of contract formation). As with Plaintiff's claim under the implied covenant,

9
Case No.: 10-CV-03265-LHK
ORDER REMANDING CASE

1   Defendant has not explained why Plaintiff's state law rescission claim, also based on principles of
2   state contract law, necessarily "depends on resolution of a substantial, disputed federal question."
3   *Lippitt*, 340 F.3d at 1042.  Accordingly, the Court finds that Plaintiff's rescission claim does not
4   turn upon a substantial, disputed question of federal law and cannot serve as a basis for federal
5   question jurisdiction.  *See McLeod v. DHI Mortg. Co., Ltd.*, No. 08cv2190-WQH-BLM, 2009 WL
6   1396395, at *4-5 (S.D. Cal. May 15, 2009) (finding that claim for rescission under Cal. Civ. Code
7   § 1689 based on failure to disclose loan terms did not provide grounds for removal).
8         Based on the above analysis, the Court concludes Plaintiff's Complaint neither raises a
9   substantial, disputed question of federal law, nor contains claims that completely preempt state law.
10  Accordingly, the artful pleading doctrine does not create jurisdiction over Plaintiff's state-law
11  claims, and the Complaint was not properly removed on grounds of federal question jurisdiction.

### B. Diversity Jurisdiction

13  In its response to the Order to Show Cause, Defendant asserts that the Court has diversity
14  jurisdiction over this action.  Based on the declaration provided by Defendant, it appears that the
15  parties are diverse and the amount in controversy exceeds $75,000.  Thus, had Defendant removed
16  on the basis of diversity jurisdiction, this Court likely would have had jurisdiction.  In its notice of
17  removal, however, Defendant identified only federal question jurisdiction as a ground for removal
18  and did not mention diversity jursidiction.
19        Under 28 U.S.C. § 1446, a removing defendant must file a notice of removal within thirty
20  days after service of the pleading upon which removal is based, and the notice of removal must
21  identify the jurisdictional basis for removal.  A defendant may amend the notice of removal after
22  the thirty-day window has closed to correct a "defective allegation of jurisdiction."  28 U.S.C.
23  § 1653; *ARCO Environmental Remediation, L.L.C. v. Department of Health and Environmental*,
24  213 F.3d 1108, 1117 (9th Cir. 2000).  However, the notice of removal "cannot be amended to add a
25  separate basis for removal jurisdiction after the thirty day period."  *ARCO*, 213 F.3d at 1117
26  (quoting *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988)).
27  Accordingly, where the jurisdictional basis in the notice of removal does not establish jurisdiction,
28  an alternative basis raised after the thirty-day removal period cannot cure the lack of subject matter

10
Case No.: 10-CV-03265-LHK
ORDER REMANDING CASE

jurisdiction.  *See e.g.*, *ARCO*, 213 F.3d at 1117 (defendants could not assert the All Writs Act and supplemental jurisdiction as a basis for jurisdiction where notice of removal alleged jurisdiction based on 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b)); *Villegas v. The Pep Boys Manny Moe & Jack of Cal.*, 551 F. Supp. 2d 982, 992 (C.D. Cal. 2008) (diversity jurisdiction under CAFA could not establish federal jurisdiction where defendants removed based on ERISA preemption); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (defendants could not assert federal question jurisdiction where defendants removed based on diversity jurisdiction).  Here, Defendant removed solely on the basis of federal question jurisdiction.  Under controlling Ninth Circuit case law, Defendant may not now assert diversity jurisdiction as an alternative ground for removal, and the Court may not find removal jurisdiction on this basis.

### IV. Conclusion

Based on the foregoing analysis, the Court finds that it lacks federal question jurisdiction over the removed action.  Because Defendant is not permitted to raise new grounds for jurisdiction at this stage in the proceeding, the Court cannot cure the lack of federal question jurisdiction based on the likely existence of diversity jurisdiction.  Accordingly, the Court concludes that it lacks subject matter jurisdiction over the removed action and remand is required.  The Court hereby REMANDS this matter to the Superior Court for the County of Santa Clara.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 14, 2011

_____
LUCY H. KOH
United States District Judge

11

Case No.: 10-CV-03265-LHK
ORDER REMANDING CASE